UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFITS FUNDS,

    Plaintiffs,

Case No. 16-12344

v.

Hon. John Corbett O'Meara

TRI-CROSSING INSTALLATION
SERVICES, INC., a MI corporation,
and SYNERGY INSTALLATION
SOLUTIONS, LLC, a South Carolina
limited liability company, jointly
and severally,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING PLAINTIFFS'
MOTION TO AMEND COMPLAINT**

Before the court are Defendants' motion to dismiss and Plaintiffs' motion to file an amended complaint. For the reasons explained below, Defendants' motion is denied and Plaintiffs' motion is granted.

**BACKGROUND FACTS**

Plaintiffs are Trustees of the Detroit Carpenters Fringe Benefit Funds, who bring this action to recover unpaid fringe benefit contributions pursuant to ERISA. Plaintiffs allege that Defendant Tri-Crossing Installation Services, Inc. entered into

a collective bargaining agreement with the Michigan Regional Council of Carpenters. Plaintiffs contend that pursuant to the collective bargaining agreement, Tri-Crossing is obligated to contribute to the fringe benefit funds represented by the plaintiff trustees. Plaintiffs also allege that Defendant Synergy Installation Solutions, LLC, is the alter ego of Tri-Crossing and is likewise obligated to make fringe benefit contributions under the collective bargaining agreement.

Defendants filed a motion to dismiss Plaintiffs' initial complaint, which did not include a copy of the parties' collective bargaining agreement, arguing that there was no evidence that Tri-Crossing was obligated to make fringe benefit contributions. Plaintiffs seek leave to amend their complaint to include a copy of the collective bargaining agreement ("CBA") signed by Tri-Crossing on January 7, 2004. Defendants oppose Plaintiffs' amendment on futility grounds, contending that the CBA is invalid and/or any determination of its validity is within the primary jurisdiction of the National Labor Relations Board.

## **LAW AND ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court should "freely" permit a plaintiff to amend his complaint "when justice so requires." The court may deny leave when amendment would be futile – that is, when the amendment could not withstand a motion to dismiss pursuant to Rule 12(b)(6).

See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420-21 (6th Cir. 2000). To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

Defendants contend that the CBA is invalid because Plaintiffs are improperly attempting to enforce a construction industry CBA on a non-construction workforce and because the CBA does not have the support of the majority of employees. Defendants argue that these issues are "primarily representational" and therefore fall within the jurisdiction of the National Labor Relations Board, not this court.

Defendants' arguments are without merit. As a threshold matter, the court's jurisdiction is clear. See, e.g., Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 312-13 (2d Cir. 1990) ("We begin our analysis by noting that ERISA sections 502 and 515 clearly give a district court subject matter jurisdiction to hear

an action brought by benefit plan trustees to enforce an employer's promise to make contributions.").

Moreover, Defendants' objections are not recognized defenses to an action by ERISA funds to collect delinquent contributions. See Operating Engineers Local 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1052-1053 (6th Cir. 2015). Section 515 of ERISA "protects and streamlines the procedure for collecting delinquent contributions owed to ERISA plans by limiting 'unrelated' and 'extraneous' defenses." Id. at 1051. ERISA funds are "accorded a special status and are entitled to enforce the written contracts, without regard to the understandings or common-law contract defenses of the original parties, similar to a holder in due course in commercial law." Id. at 1053 (citation omitted). The passage of § 515 arose from Congress's concern that "simple collection actions brought by plan trustees [had] been converted into lengthy, costly and complex litigation concerning claims and defenses *unrelated* to the employer's promise and the plans' entitlement to the contributions, and steps [were required] to simplify delinquency collection." Id. at 1051-52 (quoting Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 87 (1982)).

In order to simplify delinquency collection, "[c]ourts generally permit a few defenses, including illegality of the contributions, the contract requiring the

contributions was void at its inception [because of fraud in the execution], or the union was decertified." G & W Const., 783 F.3d at 1052. In addition, the Sixth Circuit "has permitted limited examination of a contract termination defense, at least if the parties' conduct shows, based on a cursory review, that the contract has been terminated." Id.

Defendants argue that the CBA was invalid (or void) because it was a construction industry pre-hire agreement entered into without the support of the majority of the employees and Defendants are not in the construction industry. This is precisely the type of defense that is precluded by § 515 of ERISA:

> If the employer simply points to a defect in formation – such as fraud in the inducement, oral promises to disregard the text, or *the lack of majority support for the union and the consequent ineffectiveness of the pact under labor law* – it must still keep its promise to the pension plans.
>
> Anything less may well saddle the plans with unfunded obligations.

Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Serv., Inc., 870 F.2d 1148, 1153 (7th Cir. 1989) (emphasis added). See also Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 313-16 (2d Cir. 1990) ("Thus, once an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligation by raising defenses that

call into question the union's ability to enforce the contract as a whole.");
MacKillop v. Lowe's Market, Inc., 58 F.3d 1441, 1444-45 (9th Cir. 1995) (lack of
majority status of union "not a valid defense to the employer's obligation to an
ERISA plan"); Cement Masons' Pension Fund, Local 502 v. Dukane Precast, Inc.,
822 F. Supp. 1316, 1321 (N.D. Ill. 1993) (invalidity of pre-hire construction
industry agreement not a defense to claim for fringe benefit contributions under
ERISA).

Defendants point to another alleged defect in the CBA – that the "evergreen clause" was ineffective. The CBA signed by Tri-Crossing had a cover sheet that was dated 2000-2003. These pre-printed dates were altered by the parties (and initialed) to read "2003-2006." See Pls.' Ex. A. Tri-Crossing's representative, Brian Jacobs, signed the CBA on January 7, 2004. The CBA provides for a term as follows:

> This Agreement shall remain in full force and effect until
> June 1, 2003 and thereafter shall be automatically
> renewed from year to year unless either party hereto shall
> notify the other party, in writing. . . .

Id. at 59.

Defendants argue that the agreement's term (in "effect until June 1, 2003") had already "expired" at the time Tri-Crossing signed it. By its terms, however, the agreement automatically renewed until one of the parties provided notice in

writing, which Tri-Crossing has not done. Further, this type of alleged defect in contract formation is a defense that is precluded by the case law cited above. To the extent Defendants contend that the CBA was terminated, they have not provided evidence that Tri-Crossing "unequivocally communicated its intent to withdraw from the CBA." Orrand v. Scassa Asphalt, Inc., 794 F.3d 556, 564-65 (6th Cir. 2015). Absent a clear and explicit notice to terminate, the CBA remained in effect as a result of its evergreen clause. See id. (in ERISA case, CBA termination defense permits only a "limited inquiry" to confirm that the employer "unequivocally communicated its intent to withdraw").

Defendants have not demonstrated that Plaintiffs' claims set forth in proposed amended complaint are futile. Accordingly, the court will grant Plaintiffs leave to amend their complaint and deny Defendants' motion to dismiss.

**ORDER**

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to file an amended complaint is GRANTED. Plaintiffs shall file an amended complaint within ten (10) days of the date of this order.

IT IS FURTHER ORDERED that Defendants' motion to dismiss and Defendants' motion to file a sur-reply are DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date: May 8, 2017

       I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 8, 2017, using the ECF system.

                                     s/William Barkholz
                                     Case Manager