UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFITS FUNDS,

     Plaintiffs,

                                   Case No. 16-12344

v.

                                   Hon. John Corbett O'Meara

TRI-CROSSING INSTALLATION
SERVICES, INC., a MI corporation,
and SYNERGY INSTALLATION
SOLUTIONS, LLC, a South Carolina
limited liability company, jointly
and severally,

     Defendants.
_____/

**ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION**

     Before the court is Defendants' motion for reconsideration, filed May 22,

2017.  Defendants seek reconsideration of the court's Opinion and Order denying

Defendants' motion to dismiss and granting Plaintiffs' motion to file an amended

complaint.

     The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion,
> the court will not grant motions for rehearing or
> reconsideration which merely present the same issues
> ruled upon by the court, either expressly or by reasonable

> implication. The movant shall not only demonstrate a
> palpable defect by which the court and the parties have
> been misled but also show that correcting the defect will
> result in a different disposition of the case.

LR 7.1(h)(3). A motion for reconsideration "is not properly used as a vehicle to re-

hash old arguments or to advance positions that could have been argued earlier but

were not." Smith v. Mount Pleasant Schools, 298 F. Supp.2d 636, 637 (E.D. Mich.

2003) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 357,

374 (6th Cir. 1998)).

As in their motion to dismiss, Defendants argue that Plaintiffs may not

recover fringe benefit contributions under the collective bargaining agreement,

which they contend is an illegal and void 8(f) pre-hire agreement. Defendants do

not cite case law, however, for the proposition that an invalid 8(f) pre-hire

agreement constitutes the type of "illegal" or "void" agreement that is

unenforceable by a trust fund under ERISA – such as an agreement in which the

contributions themselves are illegal or when the agreement is void because of fraud

in the execution. Cf. MacKillop v. Lowe's Market, Inc., 58 F.3d 1441, 1443-45

(9th Cir. 1995) ("[W]hile cases such as *Benson* and *Agathos* recognize that section

515 does not mandate employer contributions where the CBA is void *ab initio*,

they nevertheless hold that the very defense raised here, lack of majority status, is

not a valid defense to the employer's obligation to an ERISA plan."); National

Elec. Benefit Fund v. Heary Bros. Lighting Protection Co., 931 F. Supp. 169, 180-183 (W.D. N.Y. 1995) (reviewing case law describing limited nature of section 515 defenses and finding fund contributions "themselves" not inconsistent with the law and CBA not void despite union extortion scheme); Laborers' Pension Fund v. A & C Envtl., Inc., 301 F.3d 768, 779 (7th Cir. 2002) ("Several circuits have recognized fraud in the execution as a viable defense to suits by funds to collect delinquent contributions under ERISA because fraud in the execution renders the collective bargaining agreement void rather than merely voidable.").

The case law is clear that an employer may not assert the defense that an 8(f) agreement is unenforceable under ERISA because the union lacks the support of the majority of employees. Indeed, the legislative history indicates that § 515 was enacted to repudiate cases in which employers successfully avoided ERISA liability by arguing that pre-hire agreements were invalid because the union did not have the support of the majority of employees. See, e.g., Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Servs., 870 F.2d 1148, 1152-54 (7th Cir. 1989) (en banc) (citing 126 Cong. Rec. 23039 (Rep. Thompson)); Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 315-16 (2d Cir. 1990) (discussing legislative history). Defendants' argument – that the 8(f) here is not valid because it was imposed upon a non-construction workforce – is not

materially distinguishable from the argument that the union lacks majority support. These types of defenses are "unrelated" to the employer's promise to contribute to the funds. Although these kinds of defenses call into question the union's ability to enforce the collective bargaining agreement as a whole, they nonetheless do not affect the employer's obligation to the ERISA plan. See, e.g., Benson, 907 F.2d at 316 ("We recognize that the result in this and similar cases may seem quite harsh. Brower's now must contribute to the Funds without a preliminary determination that there exists a collective bargaining agreement that would be recognized as valid under labor-management relations law.").

Accordingly, Defendants have not demonstrated a "palpable defect" that warrants reconsideration of the court's May 8, 2017 opinion and order.

IT IS HEREBY ORDERED that Defendants' motion for reconsideration is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: June 20, 2017


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 20, 2017, using the ECF system.

s/William Barkholz
Case Manager
