UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
OCT 1 0 2017
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFITS
FUNDS,

    Plaintiff,

v.

TRI-CROSSING INSTALLATION
SERVICES, INC., A MI
CORPORATION AND SYNERGY
INSTALLATION SOLUTIONS, LLC,
A SOUTH CAROLINA LIMITED
LIABILITY COMPANY, JOINTLY
AND SEVERALLY

    Defendant.

Case No. 16-cv-12344-JCO-EAS
Hon. John Corbett O'Meara
Mag. Judge Elizabeth A. Stafford

---

Walter B. Fisher, Jr. (P51337)
Fildew Hinks, PLLC
Attorneys for Plaintiffs
26622 Woodward Ave., Suite 225
Royal Oak, MI 48067
248.837.1397

William E. Pilchak, #P29545
Ogletree, Deakins, Nash, Smoak &
Stewart, PLLC
Attorneys for Defendant TRI-CROSSING
INSTALLATION SERVICES, INC.
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
248.593.6400
william.pilchak@ogletreedeakins.com

Jamie Warrow, Esq.
Kickham Hanley PLLC
Attorney for Defendant SYNERGY
INSTALLATION SOLUTIONS, LLC
32121 Woodward Avenue, Suite 300
Royal Oak, MI 48073
248.544.1500
jwarrow@kickhamhanbley.com

---

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

WHEREAS, parties and potentially non-parties to this action ("Litigation") have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information that they consider confidential and/or proprietary ("Confidential Discovery Material"); and

WHEREAS, Plaintiffs, Trustees of the Detroit Carpenters Fringe Benefit Funds, ("Plaintiffs") and Defendants, Tri-Crossing installation Services, Inc. and Synergy Installation Solutions, LLC ("Defendants") have agreed, through their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Confidential Discovery Material;

1. All Confidential Discovery Material produced, or depositions taken in discovery in the Litigation, shall be used solely for purposes of the Litigation and for no other purpose. If, in the course of discovery or other proceedings in this Litigation, Defendant or Plaintiff, any party to the Litigation, or any third-party discloses Discovery Material they deem confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential." A disclosing party may designate information produced in discovery as Confidential Material only if the disclosing party determines, in good faith, that such material constitutes: (a) trade secrets; (b) information of a confidential or proprietary nature; (c) Defendant's financial or tax information; and/or (d) any other information in which

2

any party or any third-party has a reasonable expectation of privacy (such as personally identifiable information, health information, etc.).

2. Documents are to be designated as "Confidential" by the producing party stamping each page of the document with the corresponding legend or in the instance where original records are copied by an opposing party, a written or electronic designation of confidentiality to the copying party by the party producing original records; however, the inadvertent failure to stamp covered pages or documents "Confidential" in no way alters or waives the protected and confidential nature of the Confidential Material or documents and does not remove them from the protection of this Order. If the Discovery Material is marked, the parties will ensure that the marking shall not cover or block the substance of the Confidential Discovery Material in any way. Further, all parties agree that they will not seek to use the documents marked "Confidential" at trial, but will permit the producing party to substitute "clean" copies for the marked copies. Deposition testimony may be designated "Confidential" by so indicating orally on the record during the deposition or designating such testimony as confidential at a reasonable time after the deposition or receipt of the transcript.

3. In the event that a document is produced without the designation "Confidential" and it is later determined, in good faith, that such a designation should have appeared on the document, the designating party may restrict future

disclosure of the document, consistent with this Protective Order, by notifying the receiving party in writing of the change in, or addition of, a restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the document is to be governed.

4. Any person in possession of Confidential Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

5. Confidential Material shall not be disclosed, except as provided in paragraph 6, except upon prior written consent of the designating party.

6. Discovery Material that is designated "Confidential" may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

   (a) the Court (including any appellate court) and Court personnel;
   (b) court reporters in connection with the taking of a deposition or the transcription of court proceedings;
   (c) attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees;
   (d) parties to the Litigation and their officers, directors, trustees, and employees;
   (e) the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;
   (f) anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness;

(g) experts, advisors, consultants, and other persons engaged to assist in the Litigation;

(h) mediators, facilitators, arbitrators or other third-party neutrals that are engaged by the parties to the Litigation to participate in a resolution of the Litigation; and

(i) any other person, and upon written agreement of counsel for the parties or by Order of this Court, after notice to both parties.

All persons to whom Confidential Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order and informed that they are subject to the terms and conditions of this Order prior to disclosure.

7. In the event that counsel for any signatory to this Order at any time believes that Confidential Material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith. If agreement is not reached, the parties will follow the Court's procedures for the resolution of discovery disputes. The parties acknowledge and agree that the burden for demonstrating whether material is properly designated as Confidential is on the designating party.

8. Compliance with the terms of the Order shall not be deemed an admission that any Confidential Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever and shall not prevent any party requesting that particularly

sensitive documents be subject to more stringent restrictions prior to being produced to the other party.

9. This Order shall have no effect upon a designating party's use of its own Confidential Material.

10. The inadvertent failure to designate Discovery Material as Confidential shall be corrected by supplemental written notice to the receiving party as soon as practicable to prevent further use or disclosure of Confidential Material contained therein by such persons.

11. Nothing in this Order shall prevent the parties from filing a motion for modification of this Protective Order, either by stipulation, or with good cause shown, or from using the Court's procedures to determine whether the other party has inappropriately designated information or documents as "Confidential." This Court retains continuing jurisdiction to enforce this Order.

12. Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been or could be legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

13. The parties acknowledge and agree that if documents or information inadvertently produced in discovery are subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any

party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. The parties further acknowledge and agree that production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Confidentiality Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14. This order does not, in itself, authorize the filing of any documents under seal. Documents may be filed under seal <u>only</u> if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter shall abide by the applicable Federal Rules of Civil Procedure, local rules, standing orders, and any other orders entered in this matter with regard to the filing of materials under seal.

15. To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

16. Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, any person in possession of Confidential Material shall, upon request, either: (1) make such material available for pickup by counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Order.

17. The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

18. Prior to the time this Order is entered by the Court, Confidential Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

IT IS SO ORDERED.

Dated: October 10, 2017

Hon. John Corbett O'Meara
United States District Court Judge

**WE HEREBY STIPULATE TO THE ENTRY OF THE ABOVE ORDER:**

Fildew Hinks, PLC


By: /s/ Walter B. Fisher, Jr.
　　Walter B. Fisher, Jr. (P51337)
　　Attorneys for Plaintiffs
　　26622 Woodward Avenue, Suite 225
　　Royal Oak, Michigan  48067

Kickham Hanley PLLC


By: /s/ Jamie K. Warrow
　　Jamie K. Warrow (P61521)
　　Attorneys for Synergy Installation Solutions
　　32121 Woodward Avenue, Suite 300
　　Royal Oak, Michigan  48073

Ogletree, Deakins, Nash, Smoak & Stewart, PLLC


By: /s/ William E. Pilchak
　　William E. Pilchak (P29545)
　　Attorneys for Tri-Crossing Installation Services, Inc.
　　34977 Woodward Avenue, Suite 300
　　Birmingham, Michigan  48009

31476822.1